UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHNNY GALINDO-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 2:13-cv-00367-RFB-GWF<br><br>**ORDER** |

Before the Court is Plaintiff Johnny Galindo-Martinez's Motion for Summary Judgment, ECF No. 34, and Defendants' Cross-Motion for Summary Judgment, ECF No. 38. On August 29, 2014, a copy of the Court's Minute Order was mailed to Plaintiff Johnny Galindo-Martinez #1024467, Ely State Prison, P.O. Box 1989, Ely, NV 89301. ECF Nos. 39, 41. The Minute Order provided notice to the Plaintiff that he shall file and serve points and authorities in opposition to Defendants' Cross-Motion for Summary Judgment within twenty-one (21) days from entry of the Minute Order. On September 9, 2014, the Clerk of the Court received notification that the mailing had been returned as undeliverable because Plaintiff was not at Ely State Prison and had not provided any new address. ECF No. 41.

Rule LSR 2-2 of the Local Rules of Special Proceedings and Appeals provides:

> The plaintiff shall immediately file with the court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice.

Here, Plaintiff has failed to notify the Court of his change in address. This action has been

1  pending since March 2013, with no action being taken by Plaintiff since August 2014. Plaintiff's
2  failure to inform the Court as to his current address for a period of over 18 months interferes with
3  the Court's ability to expeditiously resolve litigation and its need to manage its docket effectively.
4  Plaintiff's inaction has prejudiced Defendants by interfering with their ability to obtain a decision
5  on the merits. The Court also finds that there are no less drastic sanctions available than dismissal,
6  as the Court is presently unable to communicate with Plaintiff. Under these circumstances, the
7  Court finds it appropriate to dismiss this case without prejudice.
8  Therefore,
9  **IT IS HEREBY ORDERED** that this action is DISMISSED WITHOUT PREJUDICE for
10  failure to comply with LSR 2-2. The Clerk of Court is instructed to close this case.

DATED: March 15, 2016.

**RICHARD F. BOULWARE, II**
**United States District Court**